IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD E. HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-05-246-C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION
AND ORDER OF DISMISSAL**

Plaintiff filed the present action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* (FTCA), alleging Defendant was responsible for personal injuries suffered while Plaintiff was in the custody of the Federal Bureau of Prisons ("BOP"). Defendant filed its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), asserting Plaintiff failed to timely present his FTCA claim and, therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims.

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is set forth in Holt v. United States, 46 F.3d 1000 (10th Cir. 1995).

First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. at 1002-03 (internal citations omitted).

In this case, Defendant challenges the facts upon which the Court's subject matter jurisdiction exists. Therefore, the Court will consider the evidentiary materials attached to the parties' briefs. Plaintiff argues Defendant's motion goes to the merits and, accordingly, warrants consideration under Rules 12(b)(6) or 56. Indeed, in certain circumstances the Court must treat the motion as one brought pursuant to Rule 12(b)(6). See Holt, 46 F.3d at 1003 ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."). Here, that rule is not implicated. "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Sun Valley Gasoline, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)). The merits of Plaintiff's case center on whether he was injured due to the negligence of an agent of Defendant. Defendant's present motion addresses whether Plaintiff has satisfied the jurisdictional prerequisites for bringing suit in this Court. Thus, in resolving Defendant's motion, it is not necessary to consider the merits

2

of Plaintiff's claim.  Consequently, treatment of the present motion as a Rule 12(b)(6) or 56

motion is not required.

Defendant's motion is premised on the argument that Plaintiff failed to "present" his

claim as required by 28 U.S.C. § 2675(a).  In pertinent part, that statute states:

> An action shall not be instituted upon a claim against the United States for
> money damages for injury or loss of property or personal injury or death
> caused by the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment, unless
> the claimant shall have first *presented* the claim to the appropriate Federal
> agency . . . .

(emphasis added).  The time within which a claim must be "presented" is set forth in 28

U.S.C. § 2401(b), which states:

> A tort claim against the United States shall be forever barred unless it is
> presented in writing to the appropriate Federal agency within two years after
> such claim accrues or unless action is begun within six months after the date
> of mailing, by certified or registered mail, of notice of final denial of the claim
> by the agency to which it was presented.

Relying on 28 C.F.R. § 14.2, Defendant argues that "presented" means "received by" the

agency.

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim
> shall be deemed to have been presented when a Federal agency receives from
> a claimant, his duly authorized agent or legal representative, an executed
> Standard Form 95 or other written notification of an incident, accompanied by
> a claim for money damages in a sum certain for injury to or loss of property,
> personal injury, or death alleged to have occurred by reason of the incident;
> and the title or legal capacity of the person signing, and is accompanied by
> evidence of his authority to present a claim on behalf of the claimant as agent,
> executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

It is undisputed that Plaintiff's claim arose on October 5, 2002.  Therefore, the time for seeking relief for that claim expired on October 5, 2004.  Plaintiff's evidentiary materials make clear his claim was mailed via U.S. Mail on October 1, 2004.  Defendant argues Plaintiff's claim was not received by the BOP until it was stamped "received" on October 12, 2004, and it is therefore untimely.[1]  Plaintiff disputes this fact, arguing the postal service records reflect receipt on October 6, 2004.  Although not determinative in this case, the Court agrees with Plaintiff that his claim was received by the BOP on October 6, 2004, one day after expiration of the limitations period.[2]

Plaintiff argues that it does not matter when Defendant received his claim because it was timely presented when it was placed in the mail prior to expiration of the limitations period.  According to Plaintiff, any other result, including application of the regulation offered by Defendant, would impermissibly shorten the statute of limitations.  Plaintiff's interpretation is directly contrary to the above cited regulation and decisions of the Fourth, Sixth, Seventh, Ninth, and Tenth Circuits.  In Moya v. United States, 35 F.3d 501 (10th Cir. 1994), the circuit court stated:

---

[1]  Plaintiff also mailed a claim to the United States Attorney General.  According to Plaintiff's evidentiary materials, that claim was received on October 6, 2004.  It is unnecessary to decide whether the Attorney General was an appropriate recipient, as Plaintiff's claim would be untimely, as detailed below.

[2]  In calculating the appropriate limitations period, the majority of courts to consider the issue apply Fed. R. Civ. P. 6(a).  See Romualdo P. Eclavea, Annotation, *Statute of Limitations Under Federal Tort Claims Act, (28 U.S.C. § 2401(b))*, 29 A.L.R. 482 § 16 (1976).  Thus, the period began on October 6, 2002, the day after the injury and ends the day before the same calendar date two years later, October 5, 2004.  See also Scott v. U.S. Veteran's Admin., 929 F.2d 146, 147 (5th Cir. 1991).

4

Under the FTCA, "a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant [her administrative notice of claim.]" 28 C.F.R. § 14.2(a) (emphasis added); <u>Anderberg [v. United States]</u>, 718 F.2d [976] at 977 [(10th Cir. 1983)]; <u>Bailey v. United States</u>, 642 F.2d 344, 346 (9th Cir. 1981). "Nowhere is there any indication that what constitutes presentment of a request for reconsideration is different from presentment of the claim itself." <u>Anderberg</u>, 718 F.2d at 977. *Thus a request for reconsideration is not presented to an agency until it is received by the agency.* <u>See</u> <u>id.</u> *Mailing of a request for reconsideration is insufficient to satisfy the presentment requirement.* <u>See</u> <u>id.</u>

<u>Moya</u>, 35 F.3d at 504 (emphasis added); <u>see also</u> <u>Drazan v. United States</u>, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite right to hold that mailing is not presenting; there must be receipt."); <u>Bailey v. United States</u>, 642 F.2d 344, 346 (9th Cir. 1981) (relying on regulation as requiring actual receipt); <u>Rhodes v. United States</u>, Case No. 92-2016, 1993 WL 212495, *2 (4th Cir. June 15, 1993) ("Mailing alone is not enough; there must be evidence of actual receipt."); <u>Willis v. United States</u>, Case No. 91-4111, 1992 WL 180181, *2 (6th Cir. July 29, 1992) ("The mere mailing of documents does not constitute presentment within the meaning of 28 U.S.C. § 2401(b)."). Thus, Plaintiff failed to timely present his claim to the BOP and, therefore, the Court lacks subject matter jurisdiction.

Plaintiff argues the regulation impermissibly conflicts with the statute and therefore it is invalid. The Supreme Court has set out the process for considering the validity of a regulation.

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly

5

addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984) (internal footnotes omitted). Here, the statute is silent about the meaning of presentment. Thus, the question becomes: Is the regulation based on a permissible construction? In reaching this decision the Court is guided by the Tenth Circuit's application of Chevron:

> In reviewing an agency's interpretation of a statute through a formal regulation, we defer to the agency's interpretation if it is based on a permissible construction of the statute. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998). If the statutory language is ambiguous or silent on the issue, the agency's regulation receives "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Chevron, 467 U.S. at 844, 104 S.Ct. 2778.

Martinez v. Flowers, 164 F.3d 1257, 1259 (10th Cir. 1998). The statutes in question, 28 U.S.C. §§ 2401 and 2675, are silent as to the meaning of presentment. Thus, the regulation controls unless it is arbitrary, capricious, or manifestly contrary to the statute. The Court finds none of these criteria are satisfied. Rather, by defining "presented" as meaning "received," the regulation sets out a bright line rule for the expiration of the limitations period. In so doing, that time period is not altered, rather, it is made clear that the claim must be in the agency's hands before the two-year period has passed. Moreover, in § 2401 Congress dictated that certain acts must be taken within a specified time after "mailing." This is a clear indication that Congress distinguished "presented" from "mailed." Therefore,

Plaintiff's argument to the contrary is unsupportable.  In short, there is no basis on which to find 28 C.F.R. § 14.2 impermissibly interferes with the statute and the regulation should therefore be given effect.

In an attempt to avoid this result, Plaintiff argues that he also mailed a claim to the local U.S. Attorney; that the U.S. Attorney is a part of the Department of Justice, as is the BOP; that his claim was received by the local U.S. Attorney on October 1, 2004; and was therefore timely received.  According to Plaintiff, 28 C.F.R. § 14.2(b)(1) provides that a claim that is delivered to the wrong agency should be transferred to the appropriate agency and the date of receipt relates back to the time of first receipt.  Plaintiff's argument overlooks the plain language of the regulation:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim.  When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer.  If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim.  *A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.*

28 CFR § 14.2(b)(1) (emphasis added).  By Plaintiff's own admission, the appropriate agency to receive his claim was the BOP.  Plaintiff has failed to offer any evidence this claim was received by the BOP on or before October 5, 2004.  See Moya, 35 F.3d at 504 ("It is the plaintiff's burden to establish the proper agency's receipt of the request for reconsideration.").  Therefore, the claim is untimely and does not vest the Court with subject matter jurisdiction.

## **CONCLUSION**

Plaintiff failed to timely present his claim to the appropriate agency.  Therefore, the Court lacks subject matter jurisdiction over his claims.  Accordingly, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.  Because no amendment can cure the defect, this dismissal is an adjudication on the merits and a separate judgment will issue.

IT IS SO ORDERED this 23rd day of June, 2005.

ROBIN J. CAUTHRON
United States District Judge